Cite as 2014 Ark. 455

# SUPREME COURT OF ARKANSAS
No.

IN RE ADMINISTRATIVE ORDER NO. 21 — ELECTRONIC FILING

**Opinion Delivered** October 30, 2014

## PER CURIAM

The Supreme Court Committee on Automation has suggested amendments to sections 1, 2, 4, 5, and 6 of Administrative Order No. 21. We adopt the requested amendments and republish the Order below. These amendments are effective immediately. (The changes are illustrated in the End Note.)

### ADMINISTRATIVE ORDER NUMBER 21 — Electronic Filing

### Section 1. Purpose, Scope, and Application.

(a) *Purpose*. This order establishes statewide policies and procedures governing the electronic filing process in all the courts in Arkansas.

(b) *Scope*. Electronic filing is a means of fulfilling the filing requirements of the courts of this state, but any court or clerk that elects to adopt electronic filing pursuant to this order must use the electronic filing system provided by the Administrative Office of the Courts ("AOC") or an electronic citation system approved by the AOC. Once an election is made to use the electronic filing system provided by the AOC, then electronic filing shall be the exclusive means of filing in all cases, except as may otherwise be provided in this order or by rule adopted by the Supreme Court.

(1) Any person proceeding pro se and any person with a disability or special need that prevents electronic filing shall be entitled to submit conventional paper filings.

(c) *Application*. This order shall be liberally construed to secure the proper and efficient administration of the business and affairs of the court and to promote and facilitate the



administration of justice by the court.

## Section 2. Definitions.

(a) *Case management system.* A "case management system" is an electronic database maintained by the court or clerk to track information used to manage the court's caseload, such as case numbers, party names, attorneys for parties, titles of all documents filed in a case, and all scheduled events in a case.

(b) *Case initiating document.* A "case initiating document" is the first filing in any matter, including but not limited to the complaint and summons, any subpoena, and citation. For appellate submissions, a "case initiating document" is the first filing in the appellate court, including without limitation, the appellant's brief, motion, or petition, but excluding any record or partial record prepared by another court or tribunal for use on appeal.

. . . .

## Section 4. Official Court Record.

(a) *Legal effect of electronic documents.* An electronic document is the official court record and has the same force and effect as a document filed conventionally.

(b) *Form of record.* To the maximum extent feasible, the clerk must ensure that all documents filed in electronic cases are maintained in electronic form.

(c) *Scanning and disposition.* Case–initiating documents and other paper documents may be scanned by the clerk and made part of the electronic record. Once the conventional document has been scanned, the electronic document is the official court record. Once scanned, with the exception of conventional documents identified in Section 5, the conventional document may be destroyed.

(d) *Court documents.* The court may electronically file or issue any notice, order, judgment, or other document prepared by the court. The court will provide a paper copy to any person proceeding pro se and to any person with a disability or special need that prevents access to electronic filings.

## Section 5. Preservation of Certain Conventional Documents.

(a) *Destruction of original documents.* After conversion to an electronic document, a clerk may return or destroy conventional documents.

(b) *Statutory requirements.* This order does not alter a clerk's statutory obligation to retain

SLIP OPINION

conventional documents.

(c) *Record on appeal.* Any record or partial record prepared by another court or tribunal for use on appeal to the Supreme Court or Court of Appeals shall be maintained pursuant to Administrative Order No. 7.

## Section 6. Time of Filing, Confirmation, Existing Practice, and File–Mark.

(a) *Filed upon transmission.*

(1) An electronic document shall be considered filed in district court or circuit court with the clerk when the transmission to the electronic filing system is completed. Upon receipt of the electronic document, the electronic filing system shall automatically confirm to the registered user that the transmission of the electronic document was completed and the date and time of the document's receipt by the electronic filing system. Absent confirmation of receipt, there is no presumption that the electronic filing system received the electronic document, and the electronic filer is responsible for verifying that the clerk received and filed the document transmitted.

(2) Subject to review and acceptance by the clerk, an electronic document shall be considered filed in the Supreme Court of Arkansas or the Arkansas Court of Appeals when the transmission to the electronic filing system is completed. Upon receipt of the electronic document, the electronic filing system shall automatically confirm to the registered user that the transmission of the electronic document was completed and the date and time of the document's receipt by the electronic filing system.

(b) *Existing practice maintained.* Electronic filing of documents does not change the rules and practice for the acceptance or rejection of documents presented to the clerk for filing.

(c) *File-mark.* The electronic filing system shall affix an electronic file-mark that shall have the same force and effect as a manually affixed stamp of the clerk.

(d) *Time of filing.* Any electronic document received by the electronic filing system before midnight shall be deemed filed on that date.

## End Notes

## Section 1. Purpose, Scope, and Application.

. . . .

SLIP OPINION

(b) *Scope*. Electronic filing is a ~~voluntary~~ means of fulfilling the filing requirements of the courts of this state, but any court or clerk that elects to adopt electronic filing pursuant to this order must use the electronic filing system provided by the Administrative Office of the Courts ("AOC") or an electronic citation system approved by the AOC. Once an election is made to use the electronic filing system provided by the AOC, then electronic filing shall be the exclusive means of filing in all cases, except as may otherwise be provided in this order or by rule adopted by the Supreme Court.

<u>(1) Any person proceeding pro se and any person with a disability or special need that prevents electronic filing shall be entitled to submit conventional paper filings.</u>

**Section 2. Definitions.**

. . . .

(b) *Case initiating document*. A "case initiating document" is the first filing in any matter, including but not limited to the complaint and summons, any subpoena, and citation. <u>For appellate submissions, a "case initiating document" is the first filing in the appellate court, including without limitation the appellant's brief, motion, or petition, but excluding any record or partial record prepared by another court or tribunal for use on appeal.</u>

. . . .

**Section 4. Official Court Record.**

. . . .

(d) *Court documents*. The court may electronically file or issue any notice, order, judgment, or other document prepared by the court. <u>The court will provide a paper copy to any person proceeding pro se and to any person with a disability or special need that prevents access to electronic filings.</u>

**Section 5. Preservation of Certain Conventional Documents.**

. . . .

<u>(c)</u> *Record on appeal*. <u>Any record or partial record prepared by another court or tribunal for use on appeal to the Supreme Court or Court of Appeals shall be maintained pursuant to Administrative Order No. 7.</u>



**Section 6. Time of Filing, Confirmation, Existing Practice, and File–Mark.**

(a) *Filed upon transmission*.

(1) An electronic document shall be considered filed in district court or circuit court with the clerk when the transmission to the electronic filing system is completed. Upon receipt of the electronic document, the electronic filing system shall automatically confirm to the registered user that the transmission of the electronic document was completed and the date and time of the document's receipt by the electronic filing system. Absent confirmation of receipt, there is no presumption that the electronic filing system received the electronic document. Absent confirmation, and the electronic filer is responsible for verifying that the clerk received and filed the document transmitted.

(2) Subject to review and acceptance by the clerk, an electronic document shall be considered filed in the Supreme Court or the Arkansas Court of Appeals when the transmission to the electronic filing system is completed. Upon receipt of the electronic document, the electronic filing system shall automatically confirm to the registered user that the transmission of the electronic document was completed and the date and time of the document's receipt by the electronic filing system.

(b) *Existing practice maintained*. Electronic filing of documents does not change the rules and practice for the acceptance or rejection of documents presented to a the clerk for filing.

. . . .